UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK TUCHTEN WHOLESALE PRODUCE, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 08 C 5197<br>) |
| FARMER'S FRESH MARKET INC., et al. | ) Judge Rebecca R. Pallmeyer<br>) |
| Defendants. | )<br>) |
| JACK TUCHTEN WHOLESALE PRODUCE, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 08 C 6494<br>) |
| NICK KALLAS, | ) Judge Rebecca R. Pallmeyer<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, when a dealer receives produce from a supplier, the produce and any proceeds from its sale are held in a statutory trust for the benefit of the supplier. 7 U.S.C. § 499e(c)(2). In the case of a dealer's bankruptcy, then, suppliers are given preference over all other creditors. *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002). Plaintiffs Jack Tuchten Wholesale Produce, Inc., Strube Celery & Vegetable Company, JAB Produce, Inc., and Coosemans Chicago, Inc. (collectively, "Tuchten Plaintiffs") and Anthony Marano Co. delivered produce to Farmer's Fresh Market in compliance with PACA, thereby creating statutory trusts. Farmer's Fresh filed for bankruptcy without paying for the produce, and the Tuchten Plaintiffs and Marano each timely filed their claims against the assets of Farmer's Fresh. The claimants, Plaintiffs in this consolidated

action, each received a pro rata distribution from the bankruptcy estate that represented a portion of Farmer's Fresh's accounts receivables based on the ratio of each claim to all PACA claims against the estate. Those distributions did not equal the amount they were owed, so Plaintiffs seek to make up the difference in this action against Defendant Nick Kallas, who was an owner and corporate officer of Farmer's Fresh. Both sets of Plaintiffs move for summary judgment against Kallas, and for the reasons that follow, their motions are granted.

## FACTUAL BACKGROUND

Counsel for Defendant Kallas withdrew after the motions for summary judgment were filed, and the court granted Defendant extra time to retain new counsel and respond to the motions. That time has long since passed without any response. Accordingly, the following facts, drawn from Plaintiffs' Local Rule 56.1(a)(3) Statements of Material Fact, are deemed admitted. *See* N.D. ILL. L.R. 56.1(b)(3)(C).

Between April and September of 2008, the Tuchten Plaintiffs, produce suppliers licensed under PACA, sold and delivered $66,157.50 worth of produce to Farmer's Fresh, a produce dealer licensed under PACA. (Tuchten Pls' 56.1(a)(3) ¶¶ C.1-C.2; Marano's 56.1(a)(3) ¶ 16.) Between February and September of 2008, Marano, another supplier licensed under PACA, sold and delivered $349,618.76 worth of produce to Farmer's Fresh. (Marano's 56.1(a)(3) ¶¶ 3, 10.) Kallas was an officer and the majority shareholder of Farmer's Fresh and had signatory authority over the company's bank accounts. (Tuchten Pls' 56.1(a)(3) ¶¶ A.5, C.8; Marano's 56.1(a)(3) ¶¶ 14, 18.)

Farmer's Fresh filed for bankruptcy on October 1, 2008, and after this court issued an order establishing a PACA Claims Procedure (Order of January 28, 2009, 08 C 5197 Dkt. No. 52), the Tuchten Plaintiffs and Marano filed claims against Farmer's Fresh for the value of the produce they had delivered plus interest and attorneys' fees. (Tuchten Pls' 56.1(a)(3) ¶ C.5-C.6; Marano's 56.1(a)(3) ¶ 12.) There was no objection to the claims, and the court ordered payment from the Farmer's Fresh estate. The Tuchten Plaintiffs received $8,613.23 on their claim for $89,958.21 and

2

Marano received $32,291.11 on its claim for $401,728.97 (both claim amounts included interest). (PACA Claims Chart, Marano's Ex. 1.) Both parties also received awards for attorneys' fees: counsel for the Tuchten Plaintiffs received $6,537.50 and counsel for Marano received $3,885.03. (*Id.*)

Believing the proceedings were complete, the court then terminated the case against Farmer's Fresh and Defendant, No. 08 C 5197, and the case against Defendant only, No. 08 C 6494. Those terminations were premature; although Plaintiffs had recovered some amounts from Farmer's Fresh, Plaintiffs still had outstanding claims against Defendant Kallas. On Plaintiffs' motions, the court reopened both cases, and Plaintiffs moved for summary judgment.

## **ANALYSIS**

The court will grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Defendant's failure to respond to the summary judgment motions does not result in an automatic grant for Plaintiffs; the court still must determine whether Plaintiffs have made the required showing. FED. R. CIV. P. 56(e)(2); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995).

Under 7 U.S.C. § 499e(c)(5), PACA trust rights may be enforced through an action for breach of fiduciary trust against the dealer as well as the dealer's controlling officers. *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002). It is undisputed that Defendant held 60% of the stock of Farmer's Fresh, that he was listed as a manager on the company's PACA license, and that he had signatory authority over the company's bank accounts. (Tuchten Pls' 56.1(a)(3) ¶¶ A.5, C.8; Marano's 56.1(a)(3) ¶¶ 14, 16, 18.) Thus, he is liable under PACA because the undisputed facts show that he was in a position to control the PACA trust assets. *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705-06 (2nd Cir. 2007) (collecting

cases). There is also no dispute that by failing to pay Plaintiffs the money they are owed, Defendant breached his fiduciary duty to protect the PACA trust assets. *Id.* Accordingly, Plaintiffs' summary judgment motions are granted.

## **CONCLUSION**

The Tuchten Plaintiffs' Motion for Summary Judgment [08 C 5197 Dkt. No. 83, 08 C 6494 Dkt. No. 20] and Marano's Motion for Summary Judgment [08 C 5197 Dkt. No. 88] are granted. Defendant is ordered to pay $57,544.27 to the Tuchten Plaintiffs, plus interest and attorneys' fees. Defendant is ordered to pay $317,327.65 to Marano, plus interest and attorneys' fees.

ENTER:

Dated: February 17, 2010

_____
REBECCA R. PALLMEYER
United States District Judge